IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ADRIENNE JONES, | § |
| | § |
| Plaintiff, | § |
| V. | § |
| | § CIVIL ACTION NO. H-24-1813 |
| NESTOR SOLUTIONS LLC, *et al.,* | § |
| | § |
| Defendants. | § |

**MEMORANDUM AND OPINION**

Adrienne Jones sued a number of defendants, including Nestor Solutions LLC, in Texas state court, seeking an emergency temporary restraining order and temporary injunction to prevent the foreclosure of her home because of her default. Nestor Solutions removed and has moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Jones has not responded. She is representing herself, and therefore the court liberally construes her pleadings.

Jones alleges that the defendants had failed to produce the original of the promissory note that Jones signed in 2016 to purchase the property in Missouri City that is at issue in this case. She seeks a declaratory judgment that no foreclosure can occur unless the defendants produce "the one and only Promissory Note signed by the Plaintiffs for inspection by the Plaintiffs and or their document examiner prior to proceeding with any foreclosure proceedings." (Docket Entry No. 1, ¶ 20).

Even with liberal construction, Jones fails to state a claim. To the extent Jones seeks an injunction prohibiting foreclosure, there is no foreclosure sale scheduled as of the date of the motion to dismiss. The courts have rejected similar show-me-the-note theories. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 254 (5th Cir. 2013). Her claims for violation of the Texas Property Code, the Texas Business and Commerce Code, and the Texas Finance Code all

fail because Jones has not alleged sufficient facts to state a claim and has not specified the Property Code or Business and Commerce Code portions that were violated, or how the violations occurred. Jones did cite §§ 392.303, 392.304, and 392.301 of the Texas Finance Code, but she does not allege what facts support the allegations or how those facts amounted to violations.

Nestor Solutions's motion to dismiss, (Docket Entry No. 2), is granted.

Jones has also named a number of individuals as defendants. According to the notice of removal, these named defendants are substitute trustees who are nominal defendants. These defendants are dismissed because the claims against them fail for the same reasons as the claims against Nestor.

SIGNED on July 26, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge